IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

FRANK STOVER,
individually and on behalf of all others
similarly situated

        Plaintiff,

v.                                  CIVIL ACTION NO. 2:20-cv-00096
                                       Honorable John T. Copenhaver, Jr.

BLACKHAWK MINING, LLC;
and PANTHER CREEK MINING, LLC,

        Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, COMPEL ARBITRATION

In support of *Defendants' Motion to Dismiss or, in the Alternative, Compel Arbitration* ("Motion"), Defendants Blackhawk Mining, LLC ("Blackhawk Mining") and Panther Creek Mining, LLC ("Panther Creek Mining") (collectively, "Defendants") submit that Plaintiff Frank Stover ("Plaintiff") is bound by a mutual arbitration agreement under which he agreed to resolve any and all claims against Blackhawk Mining and "its owner(s), subsidiaries, affiliates, and related companies and their employees" through binding arbitration.[1] In *John Chambers v. Hampden Coal, LLC et al.*, No. 2:17-cv-2744, 2018 U.S. Dist. LEXIS 34637 (S.D. W.Va. Mar. 1, 2018), this Court upheld an identical arbitration agreement and dismissed the plaintiff's claims and compelled arbitration. Here, like in *Chambers*, this Court lacks subject matter jurisdiction over Plaintiff's claims against Defendants. In addition, as explained in more detail below, this Court further lacks subject matter jurisdiction over any proposed class. As such, Defendants respectfully ask the Court to dismiss Plaintiff's claims or, in the alternative, compel arbitration

---

[1] At all relevant times, Blackhawk Mining was the sole manager of Panther Creek Mining.

1

pursuant to the Mutual Arbitration Agreement executed during Plaintiff's employment with Panther Creek Mining.

## FACTUAL BACKGROUND

Plaintiff worked at Panther Creek Mining for approximately three years prior to his termination on or about January 7, 2020. (*See* Complaint, ¶ 1). On or about January 31, 2020, Plaintiff filed a Complaint against Defendants alleging violation of the WARN Act, 29 U.S.C. § 2104. (*See* Complaint). Importantly, this claim arises from Plaintiff's employment with Panther Creek Mining.

Defendants file this Motion because Plaintiff executed a Mutual Arbitration Agreement ("Agreement") during his employment with Panther Creek Mining which provides that Plaintiff agrees to "submit all past, present, and future disputes that arise between [Blackhawk Mining and its affiliates and Plaintiff] to final and binding arbitration." (*See* Mutual Arbitration Agreement, attached hereto as **Exhibit A**). Because of the Agreement, Defendants respectfully request that the Court dismiss Plaintiff's claims or, in the alternative, refer the claims to arbitration.

## ARGUMENT

**I.      Standard of Review.**

Where a dispute that is referable to arbitration pursuant to a written agreement is improperly filed in state or federal court, the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. ("FAA"), mandates that "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not at issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. Similarly, in such circumstances, the FAA requires that the court "shall on application of one of the parties

stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. The FAA mandates that arbitration agreements, such as the one at issue here, be enforced and that the parties to such agreements be compelled to uphold their respective promises to arbitrate. 9 U.S.C. §§ 2, 3.

Congress enacted the FAA in 1925 in order to "reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and has been adopted by American courts, and to place arbitration agreements on the same footing as other contracts." *Gilmer v. Interstate / Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). The FAA established an emphatic national policy favoring arbitration. *See Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984). The United States Supreme Court has expressly held that the FAA applies to arbitration agreements in the employment setting. *See Gilmer*, 500 U.S. at 24 (finding an arbitration agreement contained in a securities representatives' registration application valid). Importantly, in *Circuit City v. Adams*, 523 U.S. 105 (2001), the United States Supreme Court held that the FAA applies to arbitration agreements found in employment contracts for all employees except transportation workers engaged in interstate commerce. *Id.* at 119. Thus, the FAA governs the disposition of the present motion.

The FAA reflects a strong and "liberal" public policy in favor of the strict enforcement of arbitration agreements by the terms set forth in such agreements. *See AT&T Mobility, LLC v. Concepcion*, 131 S. Ct. 1740, 1748 (2011). Under the FAA, agreements to arbitrate are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. As such, a party's ability to challenge a valid arbitration agreement is <u>extremely limited</u>; only "[g]enerally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements

3

without contravening § 2 of the FAA." *Strawn v. AT&T Mobility, Inc.*, 593 F.Supp.2d 894, 898 (S.D. W.Va. 2009) (*quoting Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681 (1996)); *see also Concepcion*, 131 S. Ct. at 1748 ("Although § 2's savings clause preserves generally applicable contract defenses, nothing in it suggests an intent to preserve state-law rules that stand as an obstacle to the accomplishment of the FAA's objectives.").

Indeed, the "principal purpose" of the FAA is "to ensure that private arbitration agreements are enforced according to their terms." *Concepcion*, 131 S. Ct. at 1750 n.6; *see also Stolt-Nielson S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 682 (2010). The FAA's directive to federal and state courts "is mandatory" and, therefore, courts have "no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002); *Hightower v. GMRI, Inc.*, 272 F.3d 239, 241 (4th Cir. 2001).

**II.     Plaintiff's Claims are Subject to Arbitration.**

To determine whether claims should be sent to arbitration, the Fourth Circuit has established a four-part test by which courts should evaluate motions to compel arbitration. Under the test, the moving party must:

> demonstrate (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the [non-moving party] to arbitrate the dispute.

*Adkins*, 303 F.3d at 500–01; *see also* Syllabus Point 2, *Schumacher Homes of Circleville, Inc. v. Spencer*, 774 S.E.2d 1 (W.Va. 2015). Under this test, it is clear that Plaintiff's claims against Defendants must be referred to arbitration.

4

### A.    A dispute exists between Plaintiff and Defendants.

The first element of the four-part test requires proof of a dispute between the parties. *See Adkins*, 303 F.3d at 500–01. Importantly, the filing of a civil action is sufficient evidence of a dispute. *See Canyon Sudar Partners, LLC v. Cole ex rel. Haynie*, No. 3:10-1001, 2011 U.S. Dist. LEXIS 34043, at *37 (S.D. W.Va. Mar. 29, 2011) (attached as part of **Exhibit B**); *Captain D's, LLC v. McClenathan*, No. 2:06-0261, 2006 U.S. Dist. LEXIS 85798, at *15–16 (S.D. W.Va. Aug. 1, 2005) (attached as part of Exhibit B) ("[Defendant] has shown there is a dispute with [Plaintiff], as evidenced by [Plaintiff's] filing of a complaint in the West Virginia state circuit court[.]"). Here, Plaintiff filed a Complaint alleging violations of the WARN Act. As such, it is self-evident that a dispute exists between Plaintiff and Defendants, and the first element of the four-part has, therefore, been satisfied.

### B.    A written arbitration agreement exists, and Plaintiff's claims fall within the scope of that agreement.

The second element of the four-part test presents the two most important questions, namely whether a written arbitration agreement exists between the parties and whether that agreement covers the claims asserted. *See Adkins*, 303 F.3d at 500–01. Here, both aspects of the second element are satisfied. First, a written agreement exists between the parties. (*See* Exhibit A). Second, the Agreement covers the claims alleged by Plaintiff. Specifically, Plaintiff alleges violations of the WARN Act. (*See* Complaint). This claim arises directly from, and is undoubtedly related to, Plaintiff's employment with Panther Creek Mining. As such, Plaintiff's claims are covered by the Agreement, and the second element has, therefore, been satisfied.

### C.    The transactions in question relate to interstate commerce.

The third element of the four-part test requires proof that the relationship of the transaction, which is evidenced by the agreement, relates to interstate or foreign commerce. *See*

*Adkins*, 303 F.3d at 500–01. The transactions underlying Plaintiff's claims relate to interstate commerce as those transactions occurred between Plaintiff and Defendants. If a transaction occurs between citizens of different states, it relates to interstate commerce. *See Cochran v. Coffman*, No. 2:09-cv-00204, 2010 U.S. Dist. LEXIS 7248, at *8 (S.D. W.Va. Jan. 28, 2010) (attached as part of Exhibit B) (noting that "the parties are of diverse citizenship, and thus their business relationships cross interstate lines"); *Van Lehn v. MedaStat USA, LLC*, 2005 U.S. Dist. LEXIS 48928, at *5–6 (S.D. W.Va. Aug. 1, 2005) (attached as part of Exhibit B) (noting that the subject "transaction bears a relationship to interstate commerce because it was entered into between a citizen of West Virginia and a business incorporated in Kentucky"). Here, the transactions involved Plaintiff, a citizen of West Virginia, Blackhawk Mining, a Delaware limited liability company with its principal place of business in Lexington, Kentucky, and Panther Creek Mining, a Delaware limited liability company with its principal place of business in Lexington, Kentucky. (*See* Complaint, ¶¶ 2–3; West Virginia Secretary of State Documents, attached hereto as **Exhibit C**). As such, the transactions relate to interstate commerce, and the third element of the Fourth Circuit's four-part test has, therefore, been satisfied.

      **D.**     **Plaintiff failed to arbitrate the dispute.**

The final element of the four-part test requires proof that the plaintiff failed, neglected, or refused to arbitrate the dispute. *See Adkins*, 303 F.3d at 500–01. Failure or refusal to arbitrate may be inferred from Plaintiff's decision to file a civil action rather than an arbitration demand. *See Captain D's, LLC*, 2006 U.S. Dist. LEXIS 85798, at *16; *Van Lehn*, 2005 U.S. Dist. LEXIS 48928, at *6. Here, Plaintiff filed his Complaint without taking any steps to arbitrate his claims. In addition, Defendants asked Plaintiff to voluntarily dismiss his claims and move the matter to arbitration pursuant to the Agreement, but Plaintiff refused. Accordingly, the fourth and final

element of the Fourth Circuit's four-part test has been satisfied, and the present case should be dismissed or, in the alternative, sent to arbitration.

### III. The Agreement is a Valid, Enforceable Contract Supported by Consideration.

Under the FAA, whether a valid arbitration agreement exists between the parties is determined by the applicable state contract law, which, in this case, is West Virginia law. *See Adkins*, 303 F.3d at 501. Importantly, West Virginia law recognizes "a presumption of validity for arbitration agreements, and places the burden of challenging that presumption on the party seeking to avoid arbitration." *Taylor v. Capital One Bank (USA), N.A.*, No. 5:09-cv-00576, 2010 U.S. Dist. LEXIS 11693, at *7 (S.D. W.Va. Feb. 10, 2010) (attached as part of Exhibit B); *see also Clawges*, 685 S.E.2d at 700 (noting that "[i]t is presumed that an arbitration provision in a written contract was bargained for and that arbitration was intended to be the exclusive means of resolving disputes arising under the contracts"). Importantly, Plaintiff cannot rebut the presumption in this case.

In order for a contract to be valid under West Virginia law, there must be competent parties, legal subject-matter, valuable consideration, and mutual assent. *See Wellington Power Corp. v. CNA Sur. Corp.*, 614 S.E.2d 680, 684 (W.Va. 2005). The Agreement signed by Plaintiff satisfies each of these requirements. First, the Agreement is a bilateral agreement that clearly applies to and binds both parties. The Agreement states: "By signing this Agreement, the Parties [Blackhawk Mining and Plaintiff] are exchanging promises to arbitrate any disputes arising between them. Every individual who works for [Blackhawk Mining or its affiliates] must have signed and returned this Agreement to be eligible for employment and continued employment with [Blackhawk Mining or its affiliates]." (*See* Exhibit A). The Agreement is signed by both parties. (*See id.*).

Second, the parties each provided consideration and mutual assent to the Agreement. Under West Virginia law, mutual obligations to arbitrate constitute consideration to support the formation of a contract. *See Adkins*, 303 F.3d at 501 (concluding that an arbitration agreement wherein both parties promised to arbitrate was supported by consideration); *see also Captain D's, LLC*, 2006 U.S. Dist. LEXIS 85798, at *11–12; *Kellogg, Brown & Root, Inc. v. Bragg*, 250 F.Supp.2d 664, 668 (S.D. W.Va. 2003); *Clawges*, 685 S.E.2d at 700–01 (finding that an arbitration agreement in which both parties made "mutual exchange of promises . . . to arbitration their disputes" was valid). Here, both parties expressly gave up rights to bring matters covered under the Agreement as civil actions in courts of law and instead promised to arbitrate the disputes covered by the Agreement. (*See* Exhibit A). Additionally, although not required, the Agreement provides that the employment "as well as the benefits and compensation provided by the Employer are consideration for this Agreement." (*See* Exhibit A). The Agreement, therefore, is supported by more consideration than is required by law. *See Adkins*, 303 F.3d at 501; *Clawges*, 685 S.E.2d at 700–01.

Finally, it is undisputed that both parties were competent to engage in contractual relations at the time Plaintiff executed the Agreement. Accordingly, under West Virginia law, a valid, enforceable arbitration agreement exists between the parties.

Importantly, both the Supreme Court of Appeals of West Virginia and the United States District Court for the Southern District of West Virginia have upheld agreements nearly identical to the Agreement at issue here. As noted above, in *Chambers*, No. 2:17-cv-2744, 2018 U.S. Dist. LEXIS 34637 (attached as **Exhibit D**), this Court granted a similar motion to dismiss or, in the alternative, compel arbitration filed by Hampden Coal, LLC—a subsidiary of Blackhawk Mining—based on an arbitration agreement nearly identical to the Agreement at issue here. The

Court, basing its decision on the Supreme Court of West Virginia's *Varney* decision, held that the agreement was enforceable under state law. *Id.* at *6. The Court, therefore, dismissed the plaintiff's lawsuit and compelled arbitration. *Id.* at *8–9.

Similarly, in *Hampden Coal, LLC v. Varney*, 810 S.E.2d 286 (W.Va. 2018) (attached as **Exhibit E**), the Supreme Court of Appeals of West Virginia required the Circuit Court to dismiss the civil action and compel arbitration based on an arbitration agreement between the plaintiff-employee and Hampden Coal, LLC—a subsidiary of Blackhawk Mining. The arbitration agreement at issue in *Varney* is almost identical to the Agreement at issue here. *Id.*

Again, the Agreement at issue here is nearly identical to the arbitration agreements at issue in *Chambers* and *Varney*. As such, the Agreement signed by Plaintiff is valid and enforceable, and Defendants respectfully request that the Court dismiss Plaintiff's claim and compel arbitration.

**IV.     The Agreement Contains Sufficient Consideration.**

Defendants anticipate that Plaintiff will argue that the Agreement lacks consideration. As explained below, however, Plaintiff's argument fails for several reasons.

**A.     Plaintiff was employed by and received benefits and compensation in consideration for signing the Agreement.**

It is undisputed that Plaintiff was employed by and received benefits and compensation from Panther Creek Mining as a result of and in consideration for signing the Agreement. The Agreement specifically provides that Plaintiff's employment "as well as the benefits and compensation provided by the Employer are consideration for this Agreement." (*See* Exhibit A). It is undisputed that Plaintiff signed the Agreement. *Id.* It is also undisputed that Plaintiff worked for Panther Creek Mining and received benefits and compensation from Panther Creek Mining.

9

(*See* Complaint). Thus, Plaintiff cannot claim that there was insufficient consideration for the Agreement.

### B. The mutual agreement to arbitrate constitutes sufficient consideration.

Plaintiff agreed to arbitrate, as did Defendants, which is alone sufficient consideration. Under West Virginia law, mutual obligations to arbitrate found in agreements related to employment constitute sufficient consideration. *See Adkins*, 303 F.3d at 501 (concluding that an arbitration agreement wherein both parties promised to arbitrate employment-related claims was supported by consideration); *Kellogg, Brown & Root, Inc.*, 250 F. Supp. 2d at 668 (upholding a one-page agreement signed by the employee in which he agreed to accept as a condition of employment the terms of the employer's dispute resolution program); *Clawges*, 685 S.E.2d, at 700–01 (finding that an arbitration agreement signed by plaintiff at the time of her employment in which parties made "mutual exchange of promises . . . to arbitrate their disputes" was valid).

West Virginia state and federal courts have upheld arbitration agreements, such as the Agreement, that were signed by employees as a condition of employment. Like the consideration language contained in the Agreement, the Supreme Court of Appeals of West Virginia upheld an arbitration agreement which contained language that provided: "Employee acknowledges that his or her offer of and continued employment is consideration for his/her promise contained in this Arbitration Agreement." *Clawges*, 685 S.E.2d at 700. Therefore, it is clear under West Virginia law that the consideration contained in the Agreement is valid.

### V. Each Member of the Proposed Class Signed Similar—if not Identical—Arbitration Agreements

Defendants anticipate that Plaintiff will argue that the proposed class cannot be bound by the Agreement signed by Plaintiff during his employment with Panther Creek Mining. Importantly, however, upon information and belief, each member of the proposed class would

have signed a similar (if not identical) arbitration agreement during their respective employments with Panther Creek Mining and/or Blackhawk Mining. In fact, the Agreement provides: "Every individual who works for [Blackhawk Mining or related companies] must have signed and returned this Agreement to be eligible for employment and continued employment with [Blackhawk Mining or a related company]." As such, each member of the proposed class who executed an arbitration agreement during their employment would be subject to a similar arbitration requirement. In other words, this Court lacks subject matter jurisdiction over all members of the proposed class who—like Plaintiff—have agreed to arbitrate their claims. As such, dismissal is warranted.

## VI. Dismissal, Rather Than a Stay, Is Warranted.

Plaintiff's claims against Defendants fall within the scope of the Agreement, and, therefore, the Court should dismiss this civil action in its entirety. Although the FAA provides that a court "shall . . . stay the trial of the action" when it compels arbitration, *see* 9 U.S.C. § 3, courts, including the Fourth Circuit, have recognized that dismissal is proper when all of the claims are arbitrable. *See Van Lehn*, 2005 U.S. Dist. LEXIS 48928, at *7 (noting that "dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable"). Indeed, the United States District Court for the Southern District of West Virginia has recognized that "available relief [under the FAA], however, is not limited strictly to a stay of the proceedings." *Id*. On that basis, in the *Van Lehn* case, the Court dismissed the civil action because all of the claims alleged were arbitrable. *Id*.

As set forth above, Plaintiff's claims arise from transactions covered by the Agreement. Accordingly, the claims raised by Plaintiff in this matter are arbitrable under the Agreement. For this reason, dismissal of this action, rather than a stay pending completion of the arbitration, is warranted.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court enter an Order dismissing this civil action. In the alternative, Defendants ask the Court to enter an Order compelling Plaintiff to assert his claims in arbitration pursuant to the valid and binding Agreement executed by Plaintiff during his employment.

**BLACKHAWK MINING, LLC and**
**PANTHER CREEK MINING, LLC**

By Counsel

/s/ Kelsey Haught Parsons
Ashley C. Pack (WV State Bar # 10477)
Kelsey Haught Parsons (WV State Bar # 13205)
DINSMORE & SHOHL LLP
P.O. Box 11887
Charleston, WV 25339-1887
Telephone (304) 357-0900
Facsimile (304) 357-0919
ashley.pack@dinsmore.com
kelsey.haughtparsons@dinsmore.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**FRANK STOVER,**
**individually and on behalf of all others**
**similarly situated**

        **Plaintiff,**

v.                                **CIVIL ACTION NO. 2:20-cv-00096**
                                           **Honorable John T. Copenhaver, Jr.**

**BLACKHAWK MINING, LLC;**
**and PANTHER CREEK MINING, LLC,**

        **Defendants.**

## CERTIFICATE OF SERVICE

    I, Kelsey Haught Parsons, do hereby certify that on the 4th day of March, 2020, the foregoing ***Memorandum of Law in Support of Defendants' Motion to Dismiss or, in the Alternative, Compel Arbitration*** was filed with the Court and served upon the following counsel of record using the Court's CM/ECF system:

Sean W. Cook, Esq.
Warner Law Offices, PLLC
227 Capitol Street
Charleston, WV 25301

                                                /s/ Kelsey Haught Parsons
                                                Kelsey Haught Parsons (WV State Bar # 13205)