```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

**FRANK STOVER, individually
and on behalf of all others
similarly situated,**

       Plaintiff,

v.                                           Civil Action No. 2:20-cv-00096

**BLACKHAWK MINING LLC and
PANTHER CREEK MINING, LLC,**

       Defendants.


## MEMORANDUM OPINION AND ORDER

Pending is defendants Blackhawk Mining LLC and Panther Creek Mining, LLC's ("defendants") motion to dismiss complaint or, in the alternative, compel arbitration, filed March 4, 2020.

### I. Background

Plaintiff Frank Stover worked for Panther Creek Mining, LLC for approximately three years at the Panther Creek Mine.  Mem. of Law in Supp. of Defs.' Mot. to Dismiss or Compel Arbitration 2, ECF No. 7 ("Defs.' Mem."); Compl. ¶ 7.  The sole officer of Panther Creek Mining, LLC is identified as Blackhawk Mining LLC.  Compl. ¶ 3.  Plaintiff alleges that on January 7, 2020, defendants carried out a mass layoff at the Panther Creek Mine that included the plaintiff and other similarly situated employees.  Compl. ¶ 13.

Plaintiff filed this action in this court on January 31, 2020, alleging a violation of the Worker Adjustment and Retraining Notification ("WARN") Act, 29 U.S.C. § 2101, et seq. Compl., at p.1. Specifically, the plaintiff claims that the defendants failed to provide plaintiff and other similarly situated employees with written notice 60 days prior to the mass layoff, which is required under the WARN Act. Compl. ¶ 17-23. The plaintiff also brings class allegations and defines the proposed class as follows: "All full-time employees who were terminated and/or subjected to a mass layoff from employment at the Panther Creek Mine site by the Defendants on or about January 7, 2020[,] or within a 90-day period, without receiving the mandated 60-day notice required by the WARN Act." Compl. ¶ 27.

On March 4, 2020, the defendants moved to dismiss the complaint or, in the alternative, compel arbitration. According to the defendants, the plaintiff "is bound by a mutual arbitration agreement under which he agreed to resolve any and all claims against Blackhawk Mining and 'its owner(s), subsidiaries, affiliates, and related companies and their employees' through binding arbitration." Defs.' Mem. 1. The Mutual Arbitration Agreement details that "the Parties agree to submit all past, present, and future disputes that arise between them to final and binding arbitration." Mutual Arbitration

Agreement, Defs.' Mem., Ex. A.  The defendants argue that the Mutual Arbitration Agreement is enforceable and that the plaintiff's claim is referable to arbitration under the Federal Arbitration Act ("FAA").  Defs.' Mem. 5, 7.

The plaintiff responds that the arbitration clause in the Mutual Arbitration Agreement does not mention class-wide arbitration.  Pl.'s Resp. to Defs.' Mot. to Dismiss or Compel Arbitration 4, ECF No. 9 ("Pl.'s Resp.").  Accordingly, the plaintiff argues that the "parties cannot be forced to arbitrate on a class-wide basis absent a contractual basis for concluding that the part[ies] agreed to do so."  Pl.'s Resp. 4 (quoting Del Webb Cmtys., Inc. v. Carlson, 817 F.3d 867, 875 (4th Cir. 2016)).

## II.   Legal Standard

The motion to compel arbitration is governed by § 4 of the FAA, which provides that:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties[.]

9 U.S.C. § 4.  The FAA was enacted "in response to widespread judicial hostility to arbitration[,]" Am. Express Co. v. Italian Colors Rest., 570 U.S. 228, 232 (2013), and establishes a

"strong federal policy in favor of enforcing arbitration agreements." See Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 217 (1985). It provides that arbitration clauses in contracts involving interstate commerce are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Consequently, "if parties execute a valid agreement to arbitrate disputes, a federal court must compel arbitration." See Sydnor v. Conseco Fin. Servicing Corp., 252 F.3d 302, 305 (4th Cir. 2001).

### III. Discussion

#### A. Claim is Referable to Bilateral Arbitration

If (1) the arbitration agreement between the plaintiff and the defendants is enforceable and (2) the plaintiff's claim is referable to arbitration under that agreement, then the court must compel arbitration. 9 U.S.C. § 3; See Adkins v. Labor Ready, Inc., 303 F.3d 496, 500 (4th Cir. 2002).

The enforceability of an arbitration agreement is determined by the applicable state contract law. See First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995). "Generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2" of the FAA. Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 687 (1996). The

plaintiff does not make any argument that the arbitration agreement he signed is unenforceable.  The Mutual Arbitration Agreement is enforceable under West Virginia state law.  See Adkins v. Labor Ready, Inc., 185 F.Supp.2d 628, 640 (S.D. W. Va. Sept. 28, 2001) (holding mutual arbitration agreement signed by plaintiff was enforceable under West Virginia state law).

In this circuit, a party may compel arbitration under the FAA if it can demonstrate:

> (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of [a party] to arbitrate the dispute.

Adkins v. Labor Ready, Inc., 303 F.3d 496, 500-01 (4th Cir. 2002) (quoting Whiteside v. Teltech Corp., 940 F.2d 99, 102 (4th Cir. 1991)).  Here, it appears that all four elements are met with respect to plaintiff's claim.

First, it is clear that a dispute exists between the parties, as evidenced by the civil suit brought by the plaintiff for the defendants' alleged violation of the WARN Act.

Second, there is a written arbitration agreement that purports to cover the dispute.  The Mutual Arbitration Agreement states that it covers "all disputes or claims . . . relating to employment or termination from employment."  Mutual Arbitration

5

Agreement, Defs.' Mem., Ex. 1.  Plaintiff's claim of a violation of the WARN Act relates to plaintiff's employment termination from Panther Creek Mining, LLC.

Third, the diverse citizenship of the parties indicates that their business relationships relate to interstate commerce.  See Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265 (1995) (holding that the interstate commerce requirement should be interpreted broadly); Cochran v. Coffman, No. 2:09-cv-00204, 2010 WL 417422, at *3 (S.D. W. Va. Jan. 28, 2010) ("[T]he parties are of diverse citizenship, and thus their business relationships cross interstate lines.").  Plaintiff is a citizen of West Virginia while both defendants are citizens of Delaware, the state of incorporation, and Kentucky, the principal place of business.

Finally, the plaintiff has refused to arbitrate this action, instead opting to file a suit for a WARN Act violation in this court and oppose defendants' motion to dismiss or, in the alternative, compel arbitration.  As such, the fourth factor is met, and the plaintiff's claim is properly referable to bilateral arbitration between the plaintiff and the defendants.

B.  Claim is Not Referable to Class Arbitration

The issue of "whether an arbitration clause permits class arbitration is a gateway question of arbitrability for the court." Carlson, 817 F.3d at 873. "[A] party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so." Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 684 (2010) (emphasis in original). "An implicit agreement to authorize class-action arbitration, however, is not a term that the arbitrator may infer solely from the fact of the parties' agreement to arbitrate." Id. at 685. The court noted that "[t]his is so because class-action arbitration changes the nature of arbitration to such a degree that it cannot be presumed the parties consented to it by simply agreeing to submit their disputes to an arbitrator." Id.

Here, the Mutual Arbitration Agreement does not indicate that the parties consented to class arbitration. The Mutual Arbitration Agreement is silent on the issue of class arbitration. In fact, the Mutual Arbitration Agreement is put in terms of bilateral disputes "between the Parties." Mutual Arbitration Agreement, Defs.' Mem., Ex. 1. Therefore, the court finds that the parties did not consent to class arbitration but only to bilateral arbitration. See, e.g., NCR Corp. v. Jones, 157 F.Supp.3d 460, 471 (W.D.N.C. Jan. 6, 2016) (finding that the

arbitration agreement indicated that the parties consented to bilateral arbitration and not class arbitration because the arbitration agreement was silent on the issue of class arbitration); Bird v. Turner, No. 5:14CV97, 2015 WL 5168575, at *9 (N.D. W. Va. Sept. 1, 2015) (same).

C.  Staying or Dismissing the Action

The final issue before the court is whether to dismiss the case or stay the case pending the resolution of the parties' bilateral arbitration proceedings.  Defendants move for dismissal of this action, but, in the alternative, they request that the action be compelled to arbitration.

If the court finds that the case is referable to arbitration under an arbitration agreement, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement[.]"  9 U.S.C. § 3.  The Fourth Circuit has noted that "[t]here may be some tension between our decision in Hooters[1] -- indicating that a stay is required when the arbitration agreement 'covers the matter in dispute' -- and Choice Hotels[2] -- sanctioning dismissal 'when all of the issues presented ... are arbitrable.'"  Aggarao v. MOL Ship Mgmt. Co.,

---

[1]  Hooters of Am., Inc. v. Phillips, 173 F.3d 988 (4th Cir. 1999)
[2]  Choice Hotels Intern, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707 (4th Cir. 2001).

675 F.3d 355, 376 n.18 (4th Cir. 2012). When a plaintiff has brought class allegations and all the named plaintiffs have signed an arbitration agreement, courts have stayed the proceedings pending resolution of arbitration. See Billie v. Coverall N. Am., Inc., No. 3:19-CV-0092, 2020 WL 1185251 (D. Conn. Mar. 12, 2020); Bird v. Turner, No. 5:14cv97, 2015 WL 5168575 (N.D. W. Va. Sept. 1, 2015); Adkins, 185 F.Supp.2d at 646. Since the only named plaintiff, Frank Stover, signed a binding arbitration agreement, the court will stay the proceedings pending bilateral arbitration between the parties currently in this case.[3]

---

[3] Defendants' motion to compel arbitration relates exclusively to the representative plaintiff Frank Stover. The court does not have before it any documentation relating to the arbitration agreements executed by the potential class members, nor does it have any information relating to the conditions surrounding the execution of these arbitration agreements. It appears, however, based upon the defendants' representations, that every employee, including every potential class member, has executed an arbitration agreement identical or similar to that executed by Mr. Stover, as a part of the standard, company-wide employment application. See Defs.' Mem. 10-11 (stating that "each member of the proposed class would have signed a similar (if not identical) arbitration agreement during their respective employments with Panther Creek Mining and/or Blackhawk Mining. In fact, the Agreement provides: 'Every individual who works for [Blackhawk Mining or related companies] must have signed and returned this Agreement to be eligible for employment and continued employment with [Blackhawk Mining or a related company].'"). If the potential class members have executed the same arbitration agreement under substantially the same conditions as Mr. Stover, the court's reasoning and analysis as delineated above would apply to their claims, as well.

## IV. Conclusion

For the foregoing reasons, it is ORDERED that the defendants' motion to dismiss or, in the alternative, compel arbitration is denied as to the motion to dismiss and granted as to the motion to compel arbitration. It is further ORDERED that plaintiff Frank Stover and defendants Blackhawk Mining LLC and Panther Creek Mining, LLC submit to bilateral arbitration the claims raised in this civil action relating to these parties, in accordance with the terms of the Mutual Arbitration Agreement executed by Frank Stover on November 6, 2017. The action is stayed until the bilateral arbitration has concluded.

The parties are directed to inform the court once the bilateral arbitration has concluded, at which time this case will be dismissed. The Clerk is directed to retire this case to the inactive docket of the court.

The Clerk is requested to transmit this Order and Notice to all counsel of record and to any unrepresented parties.

ENTER: April 23, 2020

John T. Copenhaver, Jr.
Senior United States District Judge